## THOMAS R. LANGSTON *vs.* THE SOUTH CAROLINA RAILROAD COMPANY.

Coupon bonds issued by an incorporated railroad company, payable to bearer, are negotiable.

A coupon bond issued by an incorporated railroad company, redeemable on a day certain, and at a bank named, on the surrender of the bond; bears interest from its maturity, although no demand of payment, or offer to surrender the bond, be made at the bank or elsewhere.

An action may be maintained on a bond payable on a day certain, at a place named, without allegation or proof of demand of payment at the time and place mentioned.

Coupons, payable at a certain time and place, bear interest from the time they fall due without demand of payment.

Where a bond is payable at a future fixed time, with interest in the meantime, at six per cent. per annum, and the contract is silent as to the rate of interest to be paid, if default of payment shall be made, the debt will bear interest, from the time it falls due, at 7 per cent. per annum, the legal rate of interest.

BEFORE CARPENTER, J., AT CHARLESTON, MAY TERM, 1870.

This was an action on three coupon bonds. The first was in words and figures, as follows :

### UNITED STATES OF AMERICA.

No. 28.                                                                  $500.

#### THE STATE OF SOUTH CAROLINA.

The South Carolina Railroad Company promises to pay to bearer five hundred dollars, redeemable on the first day of April, one thousand eight hundred and sixty-three, and not before without the consent of the holder of this certificate, with ' interest thereon, at the rate of six per cent. per annum, from the date hereof. The said interest to be paid quarterly, on the first days of January, April, July and October of each year, on presenting the proper coupons, at the South-western Railroad Bank, in Charleston, where

the principal also will be redeemed, on the surrender of this certificate.

In witness whereof the said company has caused its corporate [L. S.] seal to be hereunto affixed, at Charleston, this first day of April, 1853.

H. W. CONNER, President.

J. R. EMERY, Secretary.

The second bond was identical with the first, except as to its number, and the third was as follows:

UNITED STATES OF AMERICA.

No. 262.                                                         $500.

THE STATE OF SOUTH CAROLINA.

*Liquidated Debt of South Carolina Railroad Company to the State.*

The South Carolina Railroad Company promise to pay to bearer five hundred dollars, redeemable on the first day of October, one thousand eight hundred and sixty-eight, and not before without the consent of the holder of this certificate, with interest thereon, at the rate of six per cent. per annum, from the first day of October, one thousand eight hundred and forty-eight. The said interest to be paid annually on presenting proper coupons at the South-western Railroad Bank, in Charleston, where the principal also will be redeemed on the surrender of this certificate, (the said interest being divided, by agreement of the said company, in four quarterly payments, by coupons, payable in January, April, July and October, which are attached to this bond, and numbered so as to correspond with the same.)

In witness whereof the said company has caused its corporate [L. S.] seal to be hereunto affixed, at Charleston, this tenth day of March, 1849.

JAMES GADSDEN, President.

WM. H. BARTLESS, Secretary.

The case was submitted for decision to His Honor the presiding Judge, who made a statement of the case as follows:

"This case was referred to me by consent, in writing, of the attorneys representing the plaintiff and defendants.

"The action is in debt on three (3) coupon bonds, copies of which are attached to the paper hereto annexed and marked 'A.' To

two of the bonds there was a coupon attached, for the sum of seven 50-100 dollars, payable 1st April, 1863. The execution of the bonds was admitted by the attorneys, in writing, and it was also admitted, in writing, that at the maturity of the bonds, respectively, and from the dates of their maturity to the commencement of the suit, on the ninth day of March, eighteen hundred and sixty-nine, the South-western Railroad Bank had neither gold coin or United States Treasury notes to pay the bonds, but that the defendants, the South Carolina Railroad Company, were, from the close of the war to the present time, in possession of a large amount of United States Treasury notes.

" The plaintiff claimed to recover the principal of the said bonds and the coupons thereto attached, with interest at the rate of seven per cent. per annum, from the first day of April, eighteen hundred and sixty-three, and the first day of April, eighteen hundred and sixty-eight, when they respectively matured, and were redeemable in gold coin of the United States.

" The defendants claimed that interest could only be recovered from the date of the commencement of the suit, as there was no proof that the certificates were ever surrendered, as required by the bonds, or any offer to surrender the said certificates was ever made, or that any demand was ever made prior to suit brought.

" The said defendants also claimed that under the decision of the Supreme Court of this State, in the case of *O'Neill* vs. *McKewn, et al.*, (1 S. C., N. S., 147,) the said bonds could be paid and satisfied in United States Treasury notes.

" The plaintiff, in reply, claimed that interest was recoverable on the bonds from the dates on which they were respectively redeemable as the claims were liquidated, and, according to law, the said bonds being negotiable instruments, interest was recoverable on them, unless the defendants could prove that they had at the South-western Railroad Bank, where they were redeemable, an amount of gold coin or Treasury notes to satisfy the same, if they had been presented.

" The plaintiff also claimed that under the decision of the Supreme Court of the United States, in the case of *Hepburn* vs. *Griswold*, he was entitled to payment in gold coin, inasmuch as the bonds sued on were executed before the twenty-fifth day of February, eighteen hundred and sixty-two.

" I held that the said plaintiff was not entitled to recover interest except from the date of the commencement of the suit, inasmuch

as, by the terms of the bonds sued on, the interest was payable on coupons attached to the bond, and the principal payable on the surrender of the certificate.   The bond was therefore payable only on demand and offer of surrender, and, until demand made, interest did not commence to run, but that he was entitled to recover the amount due him in gold coin of the United States.

"I accordingly gave judgment for the plaintiff against the defendants for one thousand five hundred and fifteen ($1,515) dollars, with interest thereon from the ninth day of March, eighteen hundred and sixty-nine, in gold coin of the United States.

" Before the said judgment was pronounced, the plaintiff excepted to my conclusion of law as to the right of the plaintiff to recover interest, on the ground that the plaintiff was entitled to interest on the bonds from the first day of April, eighteen hundred and sixty-three, and the first day of April, eighteen hundred and sixty-eight, the dates at which they were respectively redeemable, and that he was not restricted to the recovery of interest from the date of the commencement of the suit."

The plaintiff appealed, and the appeal was now heard upon the above statement.

*Buist & Buist,* for appellant.

*Porter & Conner,* contra.

Jan. 20, 1871.   The opinion of the Court was delivered by

MOSES, C. J.   It is not questioned that the instruments sued on are at this day, by " the usage of trade and commerce," recognized as bonds, though payable to bearer, and intended to pass from hand to hand, with the same facility as promissory notes, transferrable by delivery.   Though at common law they would want the characteristics which are indispensable to bonds, still the Courts, in more recent times, probably influenced by the consideration of their extensive issue and circulation, affecting in no small degree the course of trade, and the monetary transactions of the country, have conceded to them the negotiable qualities impressed upon their face.   Nearly every English and American Court has recognized them as bonds, although passing by mere " manual delivery," and the Supreme Court of the United States, in the case of *Mercer County* vs. *Hacket,* 1 Wallace, 95, not only accepted, but enforced such construction.

It is submitted by the defendant that there is no contract, express

or implied, to pay interest after the maturity of the bonds, and that it cannot be claimed by way of compensation for the detention of the debt, because a demand of payment, at the S. W. R. R. Bank, by the terms of the obligation, was imposed on the plaintiff, and this not having been made, constitutes such default as precludes him from all damages.

If it were clear, in point of fact, that the bonds were not payable on a specified day, but were payable on demand, at the pleasure of the holder, then the liability for interest before such demand could not arise through the force of the contract, nor would any damages for the detention of the debt be allowed, because the condition on which the payment was to be made had not been performed.

The case of *Sanderson* vs. *Bowes*, 14 East, 508, so much relied on in the argument, goes to no further extent. There the note was payable on demand at a particular place, and no default of payment, on the part of the maker, could properly be averred, until there was a compliance by the holder with the precedent condition on which the right to exact payment depended.

It cannot be said that the time of payment was not fixed in the bonds here sued on. The promise, by the defendant, in two of them, was to pay on the 1st of April, 1863, and in the third, on the 1st of October, 1868, with interest from their respective dates, " quarterly, on the 1st day of January, April, July and October in each year, on presenting the proper coupons at the South-western Railroad Bank, in Charleston, where the principal, also, will be redeemed on the surrender of this certificate "—the coupons attached running to the respective periods fixed for the redemption of the principal. The promise was to pay at a prescribed time. The presentment at the place named was not an essential part of the contract. The value of the bond consisted in the obligation it imposed on the defendant to pay the money when, by its terms, the money became due. The surrender of the certificate imposed no duty on the plaintiff to which he would not have been subjected without its recital in the bond, for the debtor, on the payment of his note or other instrument to the creditor, could rightfully demand that the written evidence of his debt, on its satisfaction, should be " surrendered."

If the bonds are to be considered, as the defendants contend, only payable on demand at a particular place, a non-compliance with this precedent condition would not preclude the plaintiff from interest, after maturity, until such demand at the designated place,

but would operate to bar the action, because it would then have been commenced before its right accrued; and yet the defendant concedes a liability to interest from the commencement of the suit, in the absence of all demand at the South-western Railroad Bank.

The bonds are to be held as payable on a specified day, and whether interest is to follow their non-payment from the time they fell due, as a part of the contract, by the recognized rule appertaining to the breach of a written promise to pay a named sum at a fixed period, or as compensation, in the way of damages, for the detention of the debt, the principle has been too long established to be the subject of doubt at this day.—*Ryan* vs. *Baldrick*, 3 McC., 498; *Wister, Siter & Price* vs. *Robinson*, 2 Bail., 274.

It is now proper to consider whether, before a recovery can be had of the principal, and the interest on these bonds from maturity, (regarding them as payable at a fixed time,) it was necessary for the holder to aver and prove a demand on the defendant at the South-western Railroad Bank?

The difference which for so long a period prevailed between the King's Bench and the Common Pleas on this question has never affected the American Courts. They have been almost of one mind in holding that " in actions on promissory notes against the maker, or on bills of exchange, where the suit is against the maker in the one case, and the acceptor in the other, and the note or bill is made payable at a specified time and place, it is not necessary to aver in the declaration, or prove on the trial, that a demand of payment was made, in order to maintain the action. But if the maker or acceptor was at the place at the time designated, and was ready and offered to pay the money, it was matter of defense, to be pleaded and proved on his part. This, if the place of payment is a bank, and the money be there deposited to meet the note or bill, will exonerate him from all costs and damages; and, if such place be other than a bank, an offer to pay the money at the time and place would protect him from interest and costs on bringing the money into Court."— *Wallace* vs. *McConnell*, 13 Pet., 136; Story on Bills, Sec. 288, and note.

In this State the same principle was held in *Smith* vs. *Burrell*, manuscript, Charleston, Nov. Term, 1827, and in *Clarke* vs. *Gordon*, 3 Rich., 313.

The plaintiff claimed, in the Circuit Court, his right to interest on the bonds from the time they severally became due, at the rate of seven per cent. per annum. We hold that he is so entitled.

If the debt bears a fixed rate of interest on its face higher or lower than that prescribed by law as the legal one, where the parties do not contract that it shall be the rate after the debt becomes due, the interest fixed by law attaches on it for the detention of the principal sum.

Decisions in the Courts of some of the States may be found maintaining a different rule, but the weight of authority is against them.

In this State, in the case of *G-illard, Ex'r.,* ads. *Ball,* 1 Nott & McCord, 69, it was held, "that where a person entered into a bond, conditioned for the payment of four per cent. interest on legacies till the legatees come of age, and, as each legatee comes of age, to pay him his proportion of the principal, the legatees are entitled to seven per cent. interest (*i. e.,* the legal interest of the State,) from the time the bond becomes due."

In *Brewster* vs. *Wakefield,* 22 How., 118, in which the opinion was delivered by Chief Justice Taney, the Court held, as to the mode of computing interest where the note did not, by the contract, carry the interest expressed until its full satisfaction, that, when it fell due, the statute must interpose and regulate it.

Our judgment in reference to the interest due and payable on the bonds is to be held applicable to the two coupons embraced in the action.

It is ordered and adjudged that the case be remanded to the Circuit Court for Charleston County for a new trial.

*Willard,* A. J., and *Wright,* A. J., concurred.