THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Sharron R.
 Latta, f/k/a Sharron R. Dowless, Respondent,
 
 
 

v.

 
 
 
 Donnie R.
 Phillips, Appellant.
 
 
 

Appeal From Horry County
Steven H. John, Circuit Court Judge

Unpublished Opinion No. 2012-UP-036
 Submitted January 3, 2012  Filed January
25, 2012    

AFFIRMED IN PART, REVERSED IN PART, AND
 REMANDED

 
 
 
 Johnny Gardner and Jonathan Hiller, both of
 Conway, for Appellant.
 William Paul Young, of North Myrtle Beach,
 for Respondent.
 
 
 

PER CURIAM:  Donnie
 R. Phillips appeals the circuit court's order finding he defaulted on a
 promissory note.  On appeal, Phillips argues the circuit court erred in finding
 (1) the interest rate pursuant to the
 promissory note was fifteen percent per annum and (2) an $8,500 payment from
 Sharron R. Latta constituted an advancement under the promissory note.  We reverse.[1]
1.  "One cardinal
 rule of contract interpretation is to ascertain and give effect to the
 intention of the parties."  S.C. Dep't of Transp. v. M & T Enters.
 of Mount Pleasant, LLC, 379 S.C. 645, 655, 667 S.E.2d 7, 12 (Ct. App.
 2008) (citation omitted).  "To determine the intention of the parties, the
 court must first look at the language of the contract."  Id. at
 655, 667 S.E.2d at 12-13 (citation and quotation marks omitted).  "The construction of a clear
 and unambiguous contract presents a question of law for the court."  Id. at 655, 667 S.E.2d at 13 (citation omitted).  "Questions of law may be
 decided with no particular deference to the [circuit] court."  Id. at 654, 667
 S.E.2d at 12 (citation omitted).  "It is also a question of law whether
 the language of a contract is ambiguous."  Id. at 655, 667 S.E.2d
 at 13 (citation omitted).  "When a contract is unambiguous, clear, and
 explicit, it must be construed according to the terms the parties have used, to
 be taken and understood in their plain, ordinary, and popular sense."  Id.  "Where an agreement is clear and capable of legal construction, the court's
 only function is to interpret its lawful meaning and the intention of the parties
 as found within the agreement and give effect to it."  Id. (citation
 omitted).  "A court must enforce an unambiguous contract according to its
 terms regardless of its wisdom or folly, apparent unreasonableness, or the
 parties' failure to guard their rights carefully."  Id. (citation
 omitted).  
We find the circuit court
 erred in determining the promissory note set forth an annual fifteen percent
 interest rate.  In this case, the promissory note provides that the interest
 will be fifteen percent of the $100,000 principal, payable at the closing of
 the house built on lot #6.  Thus, under the plain and unambiguous terms of the
 promissory note, Latta was entitled to $15,000- in interest at the house
 closing in August of 2006.  Accordingly, the circuit court erred in finding
 Phillips accumulated $40,322.60 in interest based on an annual accrual rate of
 fifteen percent.  
The contract was silent as to
 the interest rate upon defaulting on a promissory note.  Nonetheless, the
 circuit court erred in determining the interest rate for default was fifteen
 percent per annum.  South Carolina's courts have held that the interest rate
 for default when the contract is silent about default shall be the statutory
 legal interest rate.  See Langston v. S.C. R.R., 2 S.C. 248,
 254 (1871).  Accordingly, we reverse and remand to the circuit court to
 recalculate the interest Phillips accrued on the default of the promissory
 note. 
2.  We affirm the
 circuit court's finding that an $8,500 payment from Latta constituted an
 advancement under the promissory note.  The evidence before this court supports
 the circuit court's finding that the operative language of the promissory note
 did not limit Phillips's obligation to repay only those advancements that were
 used for the construction of a home identified in the promissory note.  
AFFIRMED IN
 PART, REVERSED IN
 PART, AND REMANDED.
FEW, C.J., and
 THOMAS and KONDUROS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.